IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JULIUS E. WRIGHT                                                                PLAINTIFF

V.                                NO.     5:02CV00380

MICHAEL O. LEAVITT,
SECRETARY OF THE DEPARTMENT
OF HUMAN SERVICES                                             DEFENDANT

## ORDER

Pending is Plaintiff's motion for a new trial. (Docket # 140). The Defendant has responded. Plaintiff argues that: (1) the Court erred in granting in part the Defendant's motion for summary judgment prohibiting Plaintiff from testifying with regard to his previous work as a Union steward, (2) the Court erred in excluding the testimony of Ms. Sherrie Woodruf, (3) the Court erred in permitting the defense witness Meredith Grahn to view S.A.R. cards while testifying, and (4) one of the jurors, Anissa Buckner, did not disclose in voir dire the close connection between her employer and the FDA/NCTR laboratories, nor did she mention the connection between her husband's position at UAPB and NCTR. Plaintiff claims that the cumulative effect of these errors resulted in Plaintiff being denied a fair and impartial trial.

Trial in this matter was held on February 26, 27, 28 and March 1, 2007. The jury returned a verdict in favor of the Defendant. "The grant of a motion for a new trial is inappropriate unless 'the verdict is against the weight of the evidence and [ ] allowing it to stand would result in a miscarriage of justice.'" *Jones v. TEK Industries, Inc*. 319 F.3d 355, 358 (8th Cir. 2003). When reviewing an evidentiary ruling, "[a] trial court must determine whether an evidentiary ruling was so prejudicial as to require a new trial which would be likely to produce a different result." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052,

1058-59 (8th Cir.2005) (quoting *O'Dell v. Hercules, Inc.,* 904 F.2d 1194, 1200 (8th Cir.1990)).

Plaintiff argues that the Court's evidentiary rulings precluding the admission of evidence regarding Plaintiff's previous work as a Union steward, excluding the testimony of Sherrie Woodruf and allowing Meredith Grahn to view S.A.R. cards were prejudicial. The Court held in a June14, 2006 Order that Plaintiff was limited to his October 1996 EEO complaint, FDA-N-010-97 as the protected activity and he would not be permitted to introduce evidence of his previous activity as a Union steward. This proposed evidence has no probative value as to Wright's claim that he was discharged from ARL in September, 1998 because of retaliation. There is no evidence that this ruling was prejudicial or that the admission of this evidence in a new trial would likely produce a different result. The Court finds that the exclusion of the testimony of Woodruf was proper for the reasons stated on the record. Finally, witness Grahn was allowed to review the S.A.R. cards only to allow her to compare the cards to her audit report. Following her review, Grahn testified that she had compared the cards to her report and the observations in her report were accurate. Following a review of the arguments of the parties the Court finds that the evidentiary rulings were appropriate and no ruling of the Court was so prejudicial as to require a new trial which would be likely to produce a different result

Next, Plaintiff argues that Juror Buckner failed to disclose information which would have revealed that she could not have served as a fair and impartial juror. Pursuant to *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), a party seeking a new trial on the basis of concealed juror bias must prove three things: (1) that the juror answered dishonestly, not just inaccurately; (2) that the juror was motivated by partiality; and (3) that the true facts, if known, would have supported striking the juror for cause. *United States v. Tucker,* 137 F.3d 1016, 1026 (8th Cir.1998) ( *Tucker I* ). Plaintiff alleges that Juror

Buckner's employer UAMS works collaboratively with NCTR on research and public health issues and that the Food and Drug Administration is charged with approving their patented products for sale. Further, Plaintiff alleges that Juror Buckner's husband is a regulatory science coordinator/assistant professor at the University of Arkansas at Pine Bluff, working in the department that trains employees for Quality Assurance positions at NCTR. The biographical information on the jury list which was provided to counsel for the parties reveals that Juror Buckner's employer is UAMS and her husband is a college professor. The Court has reviewed the transcript from voir dire and finds that Plaintiff has failed to show that Juror Buckner answered any question dishonestly. There is no evidence that Juror Buckner had knowledge of the relationship between UAMS and NCTR or the training activities of the department in which her husband works. Further, Plaintiff wholly failed to offer any evidence to support a finding that if Juror Buckner answered a question inaccurately she did so based upon impartiality. Plaintiff has presented no evidence which would have resulted in the Court excluding Juror Buckner for cause.

The Court finds that the Plaintiff is not entitled to a new trial. There was sufficient evidence to support the jury's verdict and the Court cannot state that the verdict goes against the weight of the evidence so as to result in a miscarriage of justice. Accordingly, Plaintiff's motion for a new trial, docket # 140 is denied.

IT IS SO ORDERED this 20th day of March, 2007.

James M. Moody
United States District Judge